**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSICA FIDLER, an individual and guardian of minor on behalf of E.F., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> STATE OF ARIZONA, a government entity; et al., <br><br> Defendants-Appellees. | No.   23-15691 <br><br> D.C. No. 2:22-cv-00300-ROS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted April 1, 2024
Phoenix, Arizona

Before: HAWKINS, BADE, and DESAI, Circuit Judges.

Plaintiff-Appellant Jessica Fidler, on behalf of herself and her son, E.F., appeals the district court's order dismissing her third amended complaint against various defendants allegedly involved in the temporary removal of E.F. from her custody. We have jurisdiction under 28 U.S.C. § 1291. "We may affirm the

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

district court's dismissal of the complaint on any basis supported by the record." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 839 (9th Cir. 2020). We affirm.

1. We review the district court's order de novo, *Douglas v. Noelle*, 567 F.3d 1103, 1106 (9th Cir. 2009), and apply a two-step, "context-specific" inquiry, *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014). We first separate the conclusory allegations from the nonconclusory allegations and then ask whether those nonconclusory allegations, taken as true, state a plausible entitlement to relief. *Id.* at 996. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition to asserting that the claims against them are implausible, the state appellees assert that they are entitled to absolute or qualified immunity from liability for Fidler's civil rights claims. We reject their argument that they are absolutely immune because no claim challenges "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003) (en banc). Qualified immunity is therefore the only potentially applicable immunity defense. *Id.* at 897. In reviewing a qualified immunity defense at the motion to dismiss stage, we ask "whether the complaint alleges sufficient facts, taken as true, to

support the claim that the officials' conduct violated clearly established constitutional rights of which a reasonable officer would be aware." *Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018).

2. In Claims Two and Three, Fidler alleges that defendants Dr. Bo Borch-Christensen, Dr. Kathryn Coffman, Lisa Burns, Melinda Quigley, and Drue Kaplan-Siekmann violated her and E.F.'s rights to familial association by judicial deception. To state a plausible claim of judicial deception, a plaintiff must plead "(1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1147 (9th Cir. 2021). Fidler concedes that all § 1983 claims against Drs. Christensen and Coffman were properly dismissed because they were not state actors. *See* 42 U.S.C. § 1983 (requiring that a defendant act "under color of" state law to be liable).

The judicial deception claims were also properly dismissed against the remaining defendants. The third amended complaint contains no allegations that Quigley and Kaplan-Siekmann made material statements to the state court. Nor does it contain any nonconclusory allegations supporting the inference that Burns made false statements deliberately or with a reckless disregard for the truth. Therefore, Fidler did not establish a plausible entitlement to relief in Claims Two and Three.

3. Claim One alleges that Burns, Quigley, and Kaplan-Siekmann violated Fidler's and E.F.'s rights to familial association under the First and Fourteenth Amendments by conducting an inadequate investigation.[1] Similarly, Claim Four alleges that Burns, Quigley, Marisol Manjarrez, Francisco Saenz, and Kimmesha Edwards violated the plaintiffs' right to familial association under the Fourth and Fourteenth Amendments by "failing to make reasonable efforts to preserve the family relationship." We conclude that Claim Four was forfeited as to Manjarrez, Saenz, and Edwards because Fidler does not distinctly raise and argue the claim against them in her opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

"Our cases hold that the Fourteenth, First, and Fourth Amendments provide a guarantee 'that parents will not be separated from their children without due process of law except in emergencies.'" *Keates*, 883 F.3d at 1236 (quoting *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107–09 (9th Cir. 2001)). The right to familial association is violated when a defendant removes a child from his parents' custody without their consent or a court order and absent

---

[1] If Claim One is based on the claim that Fidler and E.F. were "harmed by legal errors made by the state court[]," it is barred by the *Rooker-Feldman* doctrine. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). But we construe the claim to instead "allege[] that the defendants' wrongful conduct has caused [them] harm," and thus, it is not barred. *Id.* To the extent the claim alleges the defendants committed judicial deception, it fails for the same reasons as Claims Two and Three.

4

reasonable cause to believe that the seizure is necessary to avert imminent, serious bodily harm. *Id.* at 1237–38. An official also violates the right when his or her conduct "shocks the conscience." *Capp v. County of San Diego*, 940 F.3d 1046, 1060 (9th Cir. 2019) (quoting *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)).

These claims fail against Quigley and Kaplan-Siekmann because there are no plausible allegations that those defendants did anything to violate Fidler's or E.F.'s rights to familial association. The third amended complaint contains no allegations that Quigley personally participated in E.F.'s removal or placement with a foster family beyond supervising Burns. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983."). And the nonconclusory allegations demonstrate only that Kaplan-Siekmann reviewed some documents and submitted a report to the Arizona Department of Child Safety. This conduct does not constitute a plausible constitutional violation. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a plausible claim "requires more than labels and conclusions").

Claims One and Four also fail against Burns because it was not clearly established that her investigation was unreasonable. *See Keates*, 883 F.3d at 1234–

35. The district court correctly concluded that the allegations that Burns "rubber-stamped" Dr. Christensen's report were implausible. After receiving Dr. Christensen's report of potential abuse, Burns met with the Scottsdale Police Department, retained Kaplan-Siekmann to review records, and interviewed Fidler and E.F. The state court accepted Burns' investigation as sufficient to issue a temporary dependency order. Under these circumstances, Burns was not on notice that her conduct was constitutionally deficient. *See Moore v. Garnand*, 83 F.4th 743, 750 (9th Cir. 2023) (stating that law is clearly established when "every reasonable official would have understood that what he is doing violates that right" (internal quotation marks omitted) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011))). We affirm the dismissal of Claims One and Four.

4. Claim Five against Manjarrez, Saenz, and Edwards fails because Fidler points to no clearly established law that E.F. had a First Amendment right to be placed with a family that practices a certain religion or a family that would allow him to fully practice his religion. *See id.* at 753 (observing that the plaintiff has the "burden to identify the clearly established law"). The claim independently fails against Saenz and Edwards because the third amended complaint contains no factual allegations that they personally participated in the deprivation of any right. *See Jones*, 297 F.3d at 934.

5. Claims Six and Seven allege violations of Fidler's rights to direct and

participate in E.F.'s medical care. "The right to family association includes the right of parents to make important medical decisions for their children, and of children to have those decisions made by their parents rather than the state." *Wallis v. Spencer*, 202 F.3d 1126, 1141 (9th Cir. 2000). Therefore, state officials are "required to: (1) notify the parents of a medical examination of their children; (2) obtain parental consent or a court order in advance of the medical examination; and (3) permit the parent to be present at the examination." *Benavidez*, 993 F.3d at 1150. The third amended complaint includes no factual allegations that, if taken as true, show that Burns, Quigley, Manjarrez, Saenz, or Edwards were responsible for (1) E.F. receiving medical examinations (2) without notice to Fidler and (3) without permission for her to be present. Fidler therefore did not state a plausible entitlement to relief in Claims Six and Seven. *See id.*

6. Claim Ten alleges medical malpractice by Dr. Christensen. On appeal, Fidler relies entirely on the theory that Dr. Christensen treated E.F. when Dr. Christensen accessed E.F.'s medical records. But she cites no authority for the proposition that accessing medical records constitutes treatment under Arizona law. Regardless, the third amended complaint does not plausibly allege that any treatment by Dr. Christensen caused damages, so the claim fails. *See Seisinger v. Siebel*, 203 P.3d 483, 492 (Ariz. 2009) ("In medical malpractice actions, as in all negligence actions, the plaintiff must prove the existence of a duty, a breach of that

duty, causation, and damages."). And absent plausible allegations that employees of Phoenix Children's Hospital are liable for negligence, the negligence claim against the hospital in Claim Twelve was properly dismissed. *Cf. Laurence v. Salt River Project Agric. Improvement & Power Dist.*, 528 P.3d 139, 150 (Ariz. 2023) ("[E]xonerating or acquitting an employee of tortious acts must exonerate or acquit the employer from vicarious liability.").

**AFFIRMED.**[2]

---

[2] Fidler confirmed at oral argument that she does not appeal the dismissal of Claims Eight, Nine, or Eleven. She also does not argue that the district court erred by denying leave to amend, and we conclude that the district court was within its discretion to do so. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").